Robert T. NELSON, Diana Nelson, and Nelco Manufacturing Corporation, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 83–1215, 83–1216.

United States Court of Appeals, Tenth Circuit.

July 2, 1985.

Dennis C. Roberts of Oklahoma City, Okl., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, and Laurie A. Snyder, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SEYMOUR, SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Robert T. Nelson[1] appeals the decision of the tax court sustaining an assessment by the Commissioner of Internal Revenue of a tax deficiency for the year 1974. *Nelson v. Commissioner*, T.C.M. (P–H) ¶ 82,-361 (1982). The court determined that Nelson received a constructive dividend from his family-owned corporation when he purchased certain painting machinery from the corporation and resold it to a third party. The court also determined that capital was a material income producing factor in Nelson's painting business, and found that a portion of its profits did not qualify for the maximum tax on earned income under 26 U.S.C. § 1348 (1976).[2] We affirm.

We have carefully reviewed the tax court's findings and conclusions. We agree with the court's reasoning and its application of the relevant authorities to the facts of this case. The court thoroughly considered all the relevant issues and correctly applied the case law. We have reviewed the record and find no need to elaborate on these issues or the tax court's opinion. Accordingly, we hold that the tax court did not err in finding that Nelson received a constructive dividend or that capital was a material income-producing factor in his painting business.

The judgment of the tax court is affirmed.

---

1. Nelson's wife, Diana Nelson, is a party to this appeal because the Nelsons filed a joint federal income tax return for the year 1974. In the tax court the Nelsons' case was also consolidated with the cases of *Nelco Manufacturing Corp. v. Commissioner*, Docket No. 8681–79, and *Nelson's Equipment Rental Service, Inc. v. Commissioner*, Docket No. 8706–79. Nelson's Equipment Rental is not a party to this appeal. There was an issue in the proceedings below whether Nelco Manufacturing received a capital gain.

According to the IRS, however, "the Commissioner conceded that issue in the Tax Court, and a decision was entered on that issue in favor of [Nelson]." Brief of Appellee at 2 n. 1. We therefore do not address this issue.

2. Section 1348 was repealed for taxable years beginning after December 31, 1981. Economic Recovery Tax Act of 1981, Pub.L. No. 97–34, 95 Stat. 183, Sec. 101(c)(1).